# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| WANDA L. DAWSON, | ) | CASE NO. 1:06CV1949 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| J & B DETAIL, L.L.C., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## CHRISTOPHER A. BOYKO, J.:

This matter comes before the Court upon the Memorandum of Opinion, signed by United States Bankruptcy Judge Arthur I. Harris, submitting proposed findings of fact and conclusions of law as to Plaintiff Wanda L. Dawson's non-bankruptcy claims. (ECF DKT #1). No objections have been filed. For the reasons that follow, the Court ACCEPTS the findings of fact and conclusions of law, and enters judgment in favor of Defendants, J & B Detail, L.L.C. and Judy Simone.

## STANDARD OF REVIEW

When objections are made to a Bankruptcy Judge's findings of fact and conclusions of law, the district court reviews the case *de novo*. Rule 9033(d) of the Federal Rules of

Bankruptcy Procedure provides:

> The district judge shall make a *de novo* review upon the record or, after additional evidence, of any portion of the bankruptcy judge's findings of fact or conclusions of law to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the proposed findings of fact or conclusions of law, receive further evidence. or recommit the matter to the bankruptcy judge with instructions.

As stated in the Advisory Committee Notes, Rule 9033(d) "adopts the *de novo* review provisions of Rule 72(b) F.R.Civ.P.", and [w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981).

## DECISION

The non-bankruptcy claims are based upon (1) the Fair Debt Collection Practices Act ("FDCPA"); (2) the Ohio Retail Installment Sales Act ("RISA"); and (3) the Consumer Sales Practices Act ("CSPA"), and involve a 1996 Mustang which J & B sold to Dawson. After conducting a bench trial, the Bankruptcy Judge recommended judgment in favor of Defendants on Dawson's FDCPA claim because those provisions apply only to "debt collectors"; and Dawson provided no evidence that Defendants are "debt collectors" within the meaning of the Act. Moreover, the Bankruptcy Judge recommended that Defendants are entitled to judgment in their favor on the RISA claim. That Act requires notice to the debtor after the secured party takes possession of the collateral. Defendants did not repossess the Mustang for purposes of RISA; so, the notice obligations do not apply. Lastly, Dawson alleged Defendants' violations of RISA constituted "unconscionable acts or practices"

prohibited by CSPA. As already discussed, Defendants did not violate RISA; and Dawson did not present any evidence that would independently support a claim for violation of CSPA.

This Court, having reviewed the Memorandum of Opinion, including the findings of fact and conclusions of law on the non-bankruptcy claims, and finding no clear error, ACCEPTS the decision of the United States Bankruptcy Judge, and enters judgment in favor of Defendants, J & B Detail, L.L.C. and Judy Simone. The Memorandum of Opinion is incorporated by reference.

**IT IS SO ORDERED.**

DATE: 12/27/06

CHRISTOPHER A. BOYKO
**United States District Judge**